IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-00174-BO

**Matthew K. Hunt**,

              Petitioner,

v.

**Blockbuster, LLC,**

              Respondent.

**Order Granting Defendant's Motion to Compel & Amending Scheduling Order**

Defendant Blockbuster, LLC, pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves the court to compel complete responses from Plaintiff Matthew K. Hunt to its Requests for Production of Documents. Civil litigants are entitled to broad discovery and may request the production of documents from opposing parties. Because Hunt has repeatedly failed to respond adequately to Blockbuster's Requests and has neglected to respond to the present Motion to Compel, Hunt is deemed not to object to Blockbuster's requested relief, and shall comply with this Order as set forth below.

**I.    Procedural and Factual Background**

Hunt brought this action against Blockbuster in North Carolina Superior Court on January 22, 2015, seeking relief for injuries allegedly caused by Blockbuster's failure "to provide security for Plaintiff as a customer of its store." D.E. 1-3 at 5. Blockbuster served its First Set of Interrogatories and Requests for the Production of Documents ("Requests") on March 2, 2015, and moved to Dismiss on March 30. D.E. 14-1. Blockbuster removed to the United States District Court for the Eastern District of North Carolina on August 12, 2015. D.E. 1-6.

1

On June 25, 2015, counsel for Blockbuster reached out to Hunt's counsel seeking complete responses to Blockbuster's Requests. D.E. 14-2. Hunt offered no response, but a Rule 26(f) conference was held on September 18, 2015, at which the parties agreed to exchange all Rule 26(a)(1) discovery by September 24 of that month. D.E. 10-1. The court approved that agreement on September 21, 2015. D.E. 11.

On October 5, 2015, counsel for Blockbuster again reached out to Hunt's counsel asking for complete responses to Blockbuster's Requests. D.E. 14-3. On October 20 of that month, Hunt served responses to Blockbuster's Requests, but the responses were unsigned, contained no certificate of service, and included no additional documents. D.E. 14 at 1. Specifically, Hunt's responses to the following Requests were incomplete:

1. Request for Production Numbers 3 and 4: seeking copies of Hunt's tax returns for the five years prior to the incident giving rise to this case, any subsequent returns, and copies of all documents reflecting Hunt's actual and special damages incurred in connection with this case; and

2. Request for Production Number 24: seeking production of Hunt's pharmacy records from January 2007 to the present date.

*Id.* Because Hunt's responses to these Requests were incomplete, counsel for Blockbuster emailed Hunt's counsel requesting production of the missing documents. *Id* at 3. Blockbuster reiterated this request again on November 17, 2015, to which Hunt's counsel responded on November 19 of that month indicating that he was attempting to obtain the supplemental information. *Id.* at 4.

On December 10, 2015, still without complete discovery, counsel for Blockbuster took Hunt's deposition in order to determine what efforts Hunt had made to comply with

2

Blockbuster's Requests. D.E. 14-8. Hunt indicated that he had made no effort to secure the requested supplemental information for Blockbuster. *Id.* at 66. Following-up once more on the issue, counsel for Blockbuster emailed Hunt's counsel asking for production of Hunt's tax returns, pharmacy records, and any other records that might assist in calculation of lost compensation. D.E. 14-9 at 1. Hunt's counsel again responded that the documents would be produced soon, but gave no definite date. D.E. 14-10 at 1.

Counsel for Blockbuster notified Hunt's counsel that if records were not produced by January 29, 2016, Blockbuster would file this Motion to Compel. D.E. 14-11 at 1. No records were sent, and Blockbuster filed the present Motion on February 2, 2016. D.E. 14. Without filing a response, Hunt's counsel moved to withdraw on February 23. D.E. 16. Hunt now proceeds *pro se*, and has offered no response to Blockbuster's Motion to Compel. The court held a hearing on Blockbuster's Motion on March 16, 2016, which Hunt failed to attend. D.E. 16.

**II.     Analysis**

Under the Federal Rules of Civil Procedure, litigants must generally provide discovery on all non-privileged matters that are both relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). Discovery is to be "broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *see also Herbert v. Lando*, 441 U.S. 153, 177 (1979) (explaining that "discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials"). To this end, a trial judge typically enjoys "substantial discretion in managing discovery," including whether to grant or deny a motion to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

3

Parties may serve requests for the production of documents, electronically stored information, and designated tangible items within the scope of Rule 26(b) on any other party. Fed. R. Civ. P. 34(a). The responding party must "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(A). The responses and any objections must be served upon the requesting party within 30 days from the date of service unless a different time period is either stipulated by the parties or ordered by the court. *Id.* These rules apply with equal force to unrepresented parties. *Thompson v. Navistar, Inc.*, No. 5:10-CV-127-FL, 2011 WL 2198848, at *2 (E.D.N.C. June 6, 2011).

Blockbuster served its discovery requests on March 2, 2015. Since that time, it has made numerous good-faith efforts to obtain responses to its requests, but has received only sporadic and ultimately incomplete responses over the course of the past year. Hunt has not objected to any of Blockbuster's Requests and has failed to respond to Blockbuster's Motion to Compel. He has therefore waived any objection to Blockbuster's requests and requested relief. *See Primrose v. Castle Branch, Inc.*, No. 7:14-CV-235-D, 2016 WL 917318, at *5 (E.D.N.C. Mar. 8, 2016). In light of these factors, Blockbuster's Motion to Compel shall be granted.

At the hearing, Blockbuster's counsel requested that the court award attorney's fees in connection with this motion. As that request was not made in its original motion, Blockbuster's request for attorney's fees will be denied.

### III.     Conclusion

In light of the foregoing, the court grants Blockbuster's Motion to Compel and orders the following:

1. By April 27, 2016, Hunt shall provide Blockbuster with a copy of all documents responsive to Blockbuster's Requests for Production Nos. 3, 4, and 24. Alternatively, Hunt may provide Blockbuster with an executed authorization for or release that allows Blockbuster to obtain the documents on its own. Counsel for Blockbuster is encouraged to work with Hunt to complete the relevant authorization forms or releases.

2. By April 27, 2016, Hunt shall provide complete and signed responses to Blockbuster's Requests for Production of Documents.

3. The deadlines set forth in the Scheduling Order (D.E. 11) are amended as follows:

    a. All discovery shall be concluded by June 30, 2016.

    b. All expert disclosures required under Rule 26(a)(2) shall be due from the parties by May 2, 2016. The parties shall have until June 1, 2016 to identify rebuttal experts and serve rebuttal expert reports.

    c. All potentially dispositive motions shall be filed by August 1, 2016.

    d. All other deadlines in the Scheduling Order remain unchanged.

4. The court advises Hunt that failure to comply with the terms of this Order may result in the imposition of sanctions, up to and including the dismissal of his Complaint. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). If, after making diligent efforts to comply, Hunt needs additional time to comply with the terms of this Order, he must file a motion with the court requesting an extension of time.

Additionally, Blockbuster's oral motion for attorney's fees is denied.

Dated: March 18, 2016.

_Robert T. Numbers II_
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE