IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-174-BO

| | | |
|---|---|---|
| MATTHEW K. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| BLOCKBUSTER, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion for sanctions and involuntary dismissal. Plaintiff, proceeding in this action pro se, has failed to respond to the motion. For the reasons discussed below, defendant's motion is GRANTED.

## BACKGROUND

Plaintiff filed this action through counsel in Robeson County Superior Court alleging a claim for negligence due to inadequate security. [DE 1-3]. Plaintiff's claim arises out of an incident in the parking lot of a location of defendant during which plaintiff was stabbed in the back by two individuals who were loitering in and around the store. Defendant removed the action to this Court based on its diversity jurisdiction. 28 U.S.C. § 1332; 1441. After a scheduling order was entered, counsel for plaintiff was permitted to withdraw. [DE 18].

Prior to the withdrawal of plaintiff's counsel, defendant had filed a motion to compel discovery. A hearing was conducted on the motion before United States Magistrate Judge Robert T. Numbers, II, at which plaintiff, then proceeding pro se, did not appear. Magistrate Judge Numbers thereafter granted defendant's motion to compel discovery from plaintiff and

amended the scheduling order. Plaintiff was ordered to provide the requested discovery responses to defendant by April 27, 2016.

Defendant has now moved for sanctions, asserting that plaintiff has failed to provide any of the requested discovery. Defendant contends that plaintiff's repeated failures to comply with his discovery obligations, his violation of the Court's order compelling discovery, and his failure at bottom to prosecute his claim have substantially hindered defendant's ability to defend against this action. Defendant asked the Court to strike plaintiff's pleadings and dismiss his complaint with prejudice. The Court initially deferred its ruling on defendant's motion and ordered plaintiff either to respond to the order deferring ruling or respond to defendant's discovery requests and file proof of the same not later than July 20, 2016. As of the date of this order, no such proof has been filed.

DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides that where a party fails to obey an order to provide discovery the court may, *inter alia*, strike the non-compliant party's pleading in whole or in part and dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii); (v); *see also Riggins v. Steel Techs.*, 48 Fed. App'x 460, 462 (4th Cir. 2002)(unpublished) ("Rule 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order."). Prior to entry of a sanction as drastic as dismissal of an action, the court must consider first whether there has been bad faith on the part of the non-complying party; second the amount of prejudice the non-compliance has caused the other party; third the need for deterrence of this sort of non-compliance; and fourth whether less drastic sanctions would be effective. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

The Court has previously held that defendant prevails on each of these factors. [DE 27]. Consequently, the Court also provided plaintiff with the requisite clear and express warning that failure to satisfy certain conditions or abide by the court's order will result in dismissal of the action with prejudice. *See, e.g., Pontoon v. Natl. R.R. Passenger Corp.*, 194 F.R.D. 521, 524 (M.D.N.C. 1999).

Having now been warned by the magistrate judge [DE 21] and the Court [DE 27] that failure to comply with the Court's orders could and would result in dismissal of this action with prejudice, and having elected to take no action to prevent such dismissal, plaintiff's action is hereby DISMISSED WITH PREJUDICE.

## CONCLUSION

As discussed above, defendant's motion is GRANTED [DE 22], and this action is hereby DISMISSED WITH PREJUDICE. The clerk is DIRECTED to close the case.

SO ORDERED, this _18_ day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE